UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore Wagner, #286910, *aka Theodore Thomas Wagner*, | ) C/A No. 3:06-2838-PMD-JRM ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| United States of America, | ) ) |
| Defendant. | ) ) ) |

This matter has been filed pursuant to 42 U.S.C. § 1983 against the United States of America (USA). Plaintiff is suing the USA claiming he has been denied his First Amendment right to "petition [his] government for redress of [his] grievances." He alleges that he filed a Section 2255 motion with the District Court and "then to" the Court of Appeals. He maintains he submitted evidence with his petition which showed that the USA committed felony acts in order to obtain his conviction, and that his court appointed counsel "aided in the endeavor". He alleges "both courts" refused to address his grievances. Plaintiff alleges he prepared a petition for writ of *certiorari* to the United States Supreme Court, but prison mail room personnel refused to make copies of his petition for him. As a result, plaintiff states he sought the help of his pastor who prepared a petition for the plaintiff and then sent the petition to the plaintiff. Plaintiff alleges mail room personnel waited three days to deliver the

package to him, thereby causing him to miss his deadline.  Plaintiff seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

As an initial matter, the United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States has not consented to suit except under the Federal Tort Claims Act.

In addition, a judicial complaint is not the proper mechanism where the subject of the judicial complaint is, or can be, the subject of an appeal or of objections in a case. *See* 28 U.S.C. § 372(c)(3)(A), which authorizes the Chief Judge of a circuit to dismiss a judicial complaint where it is directly related to the merits of a decision or a procedural ruling. *See* In Re Evans, 801 F.2d 703, 705-708 (4th Cir. 1986); and In Re Sassower, 20 F.3d 42 (Judicial Council of 2nd Cir. 1994). *Cf.* In Re Beard, 811 F.2d 818, 826-827 (4th Cir. 1987)(petition for a writ of mandamus not a substitute for an appeal); In Re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir. 1979); and Queen v. Leeke, 457 F. Supp. 476, 479 (D.S.C. 1978). Since the plaintiff has utilized the appeals process, the plaintiff clearly understands his available judicial remedies.

Finally, the claim which plaintiff raises regarding the prison mail room, while appropriate for a Section 1983 action, cannot be heard by a District Court until the

plaintiff has exhausted his prison administrative remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S. Ct. 983 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).

Plaintiff must fill out a Step 1 grievance form about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within 15 days of the alleged incidents. The Warden will respond to the grievance in writing no later than 40 days from the filing of the initial grievance. If the plaintiff is not satisfied with the Warden's response, the plaintiff may file an appeal of his Step 1 grievance by filing a Form 10-5a, Step 2 grievance, with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official will have 60 days to respond to the Step 2 grievance. If after Step 2, the prisoner is still not satisfied with the "Step 2" resolution of the matter, the prisoner may appeal to the District Court. *See* Woodruff v. Ngo, 2006 WL 1698937 (2006)(inmate cannot satisfy §1997e(a) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal but rather must

4

'properly' exhaust administrative remedies).[1]

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Joseph R. McCrorey
October 31, 2006                                                    United States Magistrate Judge
Columbia, South Carolina
***The plaintiff's attention is directed to the important notice on the next page.***

---

[1] It is not necessary to file an appeal with the state Administrative Law Judge Division for matters pertaining to a prisoner's *conditions of confinement*. See Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.)("Exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court . . . ."), *cert. denied*, 537 U.S. 949 (2002).  *See also* Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003); Freeman v. Francis, 96 F.3d 641(6th Cir. 1999); Martinez v. Dr. Williams R., 186 F.Supp.2d 353 (S.D. N.Y. 2002); Bowman v. Haynes, 282 F.Supp.2d 488 (N.D. W.Va. 2003); and Charles v. Ozmint, 2006 WL 1341267, F3 (May 15, 2006).  A prisoner must, however, refrain from filing suit in federal court until all time periods for both steps to be completed runs, even if SCDC fails to respond to an inmate's grievance at either the Step 1 or Step 2 levels.  Once the full 105 day period has run without the issuance of a response or responses, it is generally held that the inmate has substantially complied with the § 1997(e) exhaustion requirement by exhausting "such administrative remedies as are available." 42 U.S.C. § 1997e(a).

5

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201