IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THEODORE WAGNER, # 286910, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 3:06-2838-PMD |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

  This matter is before the court upon Plaintiff Theodore Wagner's ("Wagner" or "Plaintiff") objections to the Magistrate Judge's recommendation that Plaintiff's claim be summarily dismissed pursuant to 28 U.S.C. § 1915A for failing to set forth a claim upon which relief may be granted. The record contains a report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

### I. BACKGROUND

  On April 9, 2002, Wagner was indicted for four counts of production of child pornography, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(b). On August 14, 2002, Wagner pled guilty to one count of production of child pornography and one count of possession of child pornography pursuant to a written plea agreement.[1] On April 16, 2003, against the advice of his counsel, Wagner informed the court in

---

[1] Approximately two weeks later, Wagner pled guilty to two counts of criminal sexual conduct with a minor in state court, and was sentenced to a ten years in state prison to run concurrent with his federal sentence. The state and federal sentences are based on the same criminal conduct.

1

writing that he wished to withdraw his guilty plea. Wagner formally moved to withdraw his guilty plea in open court on April 21, 2003. After a thorough consideration of the factors set forth in *United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991), the court denied his request.[2] The court then sentenced Wagner to a term of imprisonment of 151 months, and to a term of supervised release of three years to run concurrently on each count.

Wagner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. On February 23, 2004, the Fourth Circuit affirmed his conviction and sentence. *See United States v. Theodore Thomas Wagner,* 2004 WL 324705 (4th Cir. Feb. 23, 2004).[3]

On February 8, 2005, Wagner filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel, as his counsel had a "change of loyalty" during the investigation and prosecution of his case ("Ground One"); that the prosecution team committed "misconduct and felonious acts" ("Ground Two"); that the Moore test used to determine whether he could withdraw his plea is unconstitutional ("Ground Three"); and that the FBI deprived him of his due process rights by instructing state detectives to get a warrant using "known perjured statements" ("Ground Four"). Thereafter, the government filed a motion to dismiss Wagner's

---

[2] In *Moore,* the Fourth Circuit held that a defendant does not have an absolute right to withdraw a guilty plea, but instead, must demonstrate that a "fair and just reason" supports his request to withdraw his plea. 931 F.3d at 424. The factors that district court must consider in determining whether a defendant has shown a fair and just reason for withdrawing his plea include: (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *Id.*

[3] Wagner also filed several petitions for writ of certiorari to the United States Supreme Court. Each has been denied. *See, e.g., Wagner v. United States,* 125 S.Ct. 339 (2004); *Wagner v. United States,* 125 S.Ct. 654 (2004).

motion to vacate. On June 22, 2005, the district court granted the government's motion and dismissed Wagner's motion.

Wagner appealed the dismissal of his § 2255 motion to the Fourth Circuit. On October 31, 2005, the Fourth Circuit entered a judgment denying a certificate of appealability and dismissing Wagner's appeal. On February 13, 2006, the Fourth Circuit denied Wagner's petition for rehearing.

Wagner then attempted to petition for a writ of certiorari to the Supreme Court of the United States. Wagner alleges that the mail room clerks at the Ridgeland Correctional Institution ("RCI") failed to timely deliver necessary legal documents to him, causing him to file his petition one day out of time. Wagner claims that on May 11, 2006, in anticipation of being unable to timely file the petition for writ of certiorari, he had sent a "motion to file past deadline" to the Supreme Court. The Clerk of the Supreme Court did not receive this motion. Accordingly, on May 23, 2006, the Clerk of the Supreme Court returned Wagner's petition to him, explaining that "[w]hen the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition."

On June 22, 2006, Wagner sent his petition for writ of certiorari back to the Supreme Court, including an "affidavit of service" attesting to his having sent the motion to file past deadline on May 11, 2006. On July 3, 2006, the Clerk of the Supreme Court wrote to Wagner to inform him that his "application for an extension of time within which to file a petition for a writ of certiorari" had been denied.

Wagner now brings this untitled action against "the United States of America," alleging that due to the prison officers' failure to timely deliver his mail and to the Supreme Court's refusal to grant his application for an extension of time within to file his petition for a writ of certiorari, he has

been denied his constitutionally protected right to due process under the Fifth Amendment and his right to "petition the government for a redress grievances" as provided by the First Amendment. Wagner seeks damages for these alleged violations of his constitutional rights.

The Magistrate Judge, interpreting this action as one for damages under 42 U.S.C. § 1983, recommended that the court dismiss the complaint without prejudice and without issuance and service of process (1) because the United States of America has not consented to be sued for the constitutional violations of federal and/or state officers, and (2) because, under the Prison Litigation Reform Act ("PLRA"), Wagner's claim that the employees in the prison mail room deprived him of access to the courts cannot be heard by a district court until Wagner has exhausted his available prison administrative remedies.

## STANDARD OF REVIEW

### A.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

**B.     28 U.S.C. § 1915A – Failure to State a Claim**

Dismissals under 28 U.S.C. § 1951A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6).  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C. Cir. 1998).  Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999).  "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged."  *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988).

## DISCUSSION

Wagner enumerates the following eight objections to the Magistrate Judge's R&R:  (1) Wagner objects to being referred to as "Theodore *Thomas* Wagner;" he wants to be known only as "Theodore Wagner."  (2) He objects to the classification of his claim as a claim for damages pursuant to 42 U.S.C. § 1983.  (3) He claims that because he satisfied the Supreme Court Rule 13 requiring a petitioner to show "good cause" for the delay before a person can file past the deadline, the Supreme Court's failure to grant a writ of certiorari was unconstitutional.  (4) He objects to the Magistrate Judge's finding that a claim under § 1983 is not an appropriate means of bringing a

5

complaint against the judiciary. (5) He objects that the appeals process is a farce and a sham. (6) He objects that the Federal Tort Claims Act is unconstitutional. (7) He objects to the Magistrate Judge's reliance on the PLRA's requirement of exhaustion of administrative remedies, which he claims is unconstitutional. (8) Finally, Wagner objects that the PLRA's requirement that a prisoner pay a modest initial filing fee before case may proceed is unconstitutional. The court, interpreting these Objections so that they are responsive to the conclusions in the R&R, addresses them as follows:

**A.     The United States of America as a Defendant**

Wagner objects to the R&R's finding that the United States of America is immune from suit. He asserts that he has "a grievance with the United States government/Supreme Court which has caused [him] monetary damages and demand [his] constitutional Freedom to present [his] grievance to a jury of my peers." (Objections at 2.)

Pursuant to well established principles of sovereign immunity, the Magistrate Judge correctly found that "the United States of America could not be sued without its express consent, and that express consent is a prerequisite to a suit against the United States." (R&R at 3, *citing United States v. Mitchell*, 463 U.S. 206, 212 (1983).) The Magistrate Judge noted that the United States has not consented to suit except under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, which made the United States liable for the negligent acts of its employees. In addition to the Federal Tort Claims Act, the United States has also consented to be sued directly for injunctive relief under the Administrative Procedures Act, 5 U.S.C. § 702, and for breach of contract and other monetary claims not arising in tort under the Tucker Act, 28 U.S.C. §§1346(a), 1491. As of now, only these three major statutes waive the United States' sovereign immunity and thus are a basis for relief

directly against the United States. Under none of these statutes does the United States consent to be sued for damages where federal officers and/or state and local officers have violated an individual's constitutional rights. Accordingly, because Wagner's Complaint asserts that both the "Judicial Branch/Supreme Court" and the officers at Ridgeland Correctional Institute violated his constitutional rights, he has failed to assert a cause of action to which the United States of America has consented to be sued.[4] Therefore, the Magistrate Judge correctly found that Wagner has not stated a viable claim against the named defendant, the United States of America.

**B.     42 U.S.C. § 1983**

Wagner also objects to the classification of his claim as a claim for damages pursuant to 42 U.S.C. § 1983. He asserts that he "intentionally did not file a 1983 because it has to be brought against a person;" rather, his "grievance [is] that the U.S.A (The Judicial Branch/ Supreme Court)" violated his First Amendment right to petition the government. (Objections at 2.)

In this case, the Complaint asserts a civil action for damages for the alleged deprivation of Wagner's constitutional rights by "the Supreme Court" and by officials at the Ridgeland Correctional Institution ("RCI"). As discussed above, this cause of action fails because it is asserted against the United States of America, who is immune from suit.[5] However, because Wagner

---

[4] The Supreme Court has recognized a cause of action for monetary damages against a federal officer who violates a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Similarly, 42 U.S.C. § 1983 authorizes suits against state and local officers who have violated an individual's constitutional rights under color of state law. However, such causes of action are not allowed directly against the United States of America.

[5] As a branch of the federal government, the Supreme Court is also immune from suit. As such, Wagner's claim that the "United States government/Supreme Court" violated his constitutional rights fails to state a viable cause of action.

proceeds without the benefit of counsel, the Magistrate Judge is required to liberally construe this Complaint to state a cause of action. As such, although the Complaint neither expressly asserts a § 1983 claim, nor names the RCI officers as defendants, the Magistrate Judge correctly construed the Complaint to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Section 1983 provides an individual with a cause of action for damages against a person who, under color of state law, causes that individual to be deprived of his constitutional rights. 42 U.S.C. § 1983. Officers of RCI are persons acting under color of state law as meant by § 1983, and the Complaint asserted that these officers deprived Wagner of his constitutionally protected right of access to the courts. Therefore, under the facts as alleged by the Complaint, the Magistrate Judge correctly found that a cause of action existed, if at all, against the RCI officers under 42 U.S.C. § 1983.

The Magistrate Judge found that, to the extent this cause of action was one against the RCI officers under § 1983, it challenged the conditions of Wagner's confinement. Under the PLRA a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested - monetary damages - cannot be granted administratively. *Booth v. Churner,* 532 U.S. 731 (2001); *Nicholas v. White,* 2006 WL 2583765, *2 (D.S.C. Sept. 7, 2006). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under § 1983. *Porter v. Nussle,* 534 U.S. 516 (2002). As such, Wagner was required by the PLRA

to exhaust all "available" administrative remedies prior to bringing this suit in federal court. Therefore, the Magistrate Judge correctly found that Wagner's failure to exhaust the relevant prison grievance procedures barred this claim.

Wagner does not object to the Magistrate Judge's finding that he did not satisfied the PLRA's exhaustion requirements; rather, Wagner objects that the exhaustion requirement obstructs his "freedom to petition my government for redress" and is therefore unconstitutional. The Supreme Court, however, has repeatedly enforced and upheld the PLRA's exhaustion requirements. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006); *Porter,* 534 U.S. 516*; Booth,* 532 U.S. 731. The court therefore finds that Wagner's contention that the PLRA is unconstitutional is without merit.

Having reviewed the entire record, including Plaintiff's objections, the court concludes that the R&R accurately summarizes the facts and law applicable to this matter, and correctly finds that Wagner's Complaint fails to state a cause of action upon which relief may be granted. Accordingly, the court adopts the Magistrate Judge's recommendation that this matter be dismissed without prejudice and without issuance and service of process.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that, adopting in full the recommendations of the Magistrate Judge, this case is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**January 16, 2007**.

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.